**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| **CHABAD LUBAVITCH OF THE QUAD CITIES Inc.**, a 501(c)3 Religious Non- Profit Corporation, and **RABBI SHNEUR CADANER,** Plaintiffs, | ) ) ) ) ) ) **Civil Action No. _____** |
| **v.** **THE CITY OF BETTENDORF, IOWA,** an Iowa Municipal Corporation, **JOHN SOENKSEN,** City of Bettendorf Planner, Individually and in his Official Capacity, **DECKER P. PLOEHN,** City of Bettendorf City Administrator and City Clerk,  Individually and in his Official Capacity, Defendants. | ) **COMPLAINT FOR RELIGIOUS FEDERAL** ) **CONSTITUTIONAL RIGHTS VIOLATIONS,** ) **STATE CONSTITUTIONAL RIGHTS** ) **VIOLATIONS, VIOLATIONS OF THE** ) **FEDERAL RELIGIOUS LAND USE AND** ) **INSTITUTIONALIZED PERSONS ACT** ) **OF 2000 (RLUIPA), 42 U.S.C. § 1983** ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) |

Plaintiffs Chabad Lubavitch of the Quad Cities Inc. and Rabbi Shneur Cadaner make

complaints against the City of Bettendorf, Iowa, John Soenksen and Decker P. Ploehn as

follows:

*NATURE OF THE CASE*

This case pertains to the City of Bettendorf's actions to stop a small congregation of

people of the Jewish faith from assembling for worship and Bible study on residential real

property owned by Chabad Lubavitch of the Quad Cities Inc., a 501(c)3 religious non-profit

corporation, located at 2285 St. Andrews Circle, Bettendorf, Iowa.

On January 30, 2017 Bettendorf City Administrator and City Clerk Decker Ploehn

notified Rabbi Shneur Cadaner that he must obtain a special use permit from the Bettendorf

Zoning Board of Adjustment in order to worship at 2285 St. Andrews Circle, Bettendorf, Iowa.

On July 24, 2017 a Code Enforcement Notice (NOTICE), signed by Bettendorf City Planner John Soenksen, notified Rabbi Shneur Cadaner that he was in violation of the Bettendorf city code for having a place of worship at 2285 St. Andrews Circle. Soenksen advised Rabbi Cadaner that Bettendorf will immediately take action to stop any religious services without any additional notification unless Rabbi Cadaner immediately applied for a special use permit from the City of Bettendorf Zoning Board of Adjustment (Board) and received the approval of the Board for religious assemblies at 2285 St. Andrews Circle.

The January 30, 2017 and July 24, 2017 NOTICES was unauthorized under city code and unconstitutional on their face and as applied, pursuant to Article 1, Section 3 of the Iowa Constitution and the First Amendment of the United States Constitution. The NOTICES violated the Religious Land Use and Institutionalized Persons Act (RLUIPA). Neither Defendants Bettendorf, Ploehn or Soenksen have ever rescinded the NOTICES against Chabad and Rabbi Cadaner since their issuance.

Chabad and Rabbi Cadaner seek a declaration that they are protected from the enforcement of these NOTICES which unduly restrict and suppress religious freedoms pursuant to the Iowa Constitution, the United States Constitution and the Federal RLUIPA law. Chabad and Rabbi Cadaner seek a preliminary injunction from this Court and request a jury trial on damages caused to Chabad and Rabbi Cadaner by Defendants acts, and reasonable attorney fees pursuant to statute.

### PARTIES

1.  Plaintiff **CHABAD LUBAVITCH OF THE QUAD CITIES Inc. (CHABAD)** is an actively registered 501(c)(3) non-profit religious organization that conducts religious prayer and religious services, and is the legal owner of 2285 St. Andrews Circle Bettendorf, Iowa.

2.   Plaintiff **RABBI SHNEUR CADENER (RABBI CADANER)** is a resident of Bettendorf, Iowa and who graduated from rabbinical school in New York, New York in 1998 and has been licensed as an ordained Rabbi since 1999.

3.   Defendant **CITY OF BETTENDORF, IOWA (BETTENDORF)** is a duly formed Iowa municipal corporation organized and existing under the laws of the State of Iowa with its principal place of business located at 1609 State Street, Bettendorf, Iowa.

4.   Defendant **DECKER PLOEHN (PLOEHN)** is a resident of Bettendorf and an employee of Bettendorf whose job title is "City Administrator" and "City Clerk".

5.   Defendant **JOHN SOENKSEN (SOENKSEN)** is a resident of Bettendorf and an employee of Bettendorf whose job title is "City Planner".

## *JURISDICTION*

6.   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this being a civil action arising under the Constitution and the laws of the United States.  Jurisdiction is also conferred upon this Court by (i) 28 U.S.C. § 1343(a)(3) and (4) to redress deprivations under color of state law any right, privilege, or immunity secured by the Constitution; (ii) for violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2(f); (iii) 42 U.S.C. § 1983 for damages resulting from constitutional rights violations; and, (iv) 42 U.S.C. § 1988 for reasonable attorney fees and costs for this action to redress deprivations under color of law of the rights, privileges and immunities secured by the Constitution of the United States. Concurrent jurisdiction is conferred upon this Court by Article 3, Section 1 and 9 of the Iowa Constitution and the Iowa Bill of Rights.

*VENUE*

7.   Venue is proper in the Southern District of Iowa, Eastern Division, since Defendants reside in this District, 28 U.S.C. § 1391(b)(1), because Plaintiffs and Defendants reside there and since substantial events, including the laws, actions and policies giving rise to this complaint occurred in Bettendorf, Iowa, 28 U.S.C. § 1391(b)(2).

**FACTS GIVING RISE TO PLAINTIFFS' CLAIMS OF FEDERAL AND STATE CONSTITUTIONAL CIVIL RIGHTS VIOLATIONS, THE FEDERAL RELIGIOUS LAND USE ACT (RLUIPA) VIOLATIONS AND 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS.**

## A.  BACKGROUND

### Chabad Lubavitch 501(c)(3) Religious History

8.   Chabad is a 501(c) (3) not-for- profit religious organization granted tax exempt status by the Internal Revenue Service and registered with the Iowa Secretary of State as a 501(c)(3) not for profit religious organization since April 27, 2017.

9.   Chabad was founded in the 18th century and is a religious organization affiliated with the Jewish faith that conducts religious services, Bible readings and prayer gatherings across America.

10. Cadaner is an ordained Rabbi that has dedicated his life to the Chabad religious mission since 1999.

11. Rabbi Cadaner has held religious gatherings of the Jewish faith at 2285 St. Andrews Circle Bettendorf, Iowa, since January of 2017.

12. Rabbi is religiously affiliated with Chabad, a Jewish faith organization whose United States headquarters is located at 770 Eastern Parkway (Brooklyn) in New York, New York since 1940.

13. The Jewish religion and its synagogues and institutions have been in operation all over the world for more than 2,000 years.

14. Rabbi Cadaner held Jewish religious services at his previous residence located at 2233 East 58th Street, Davenport, Iowa and at other prior locations without hinderance from the local government.

**Chabad's Purchase of the Home at 2285 St. Andrews Circle, Bettendorf, Iowa in 2017 and Use of the Home for Religious Gatherings of the Jewish Faith.**

15. In 2016 Chabad began looking for a Bettendorf site for religious gatherings, including prayer, songs and bible readings.

16. On January 22, 2017 the Rabbi and his wife purchased 2285 St. Andrews Circle Bettendorf, Iowa, for the monetary amount of four-hundred forty-five hundred ($445,000) dollars.

17. On January 31, 2017 the Rabbi and his wife Chana quit claimed to Chabad the real property located at 2285 St. Andrews Circle Bettendorf, Iowa. *See attached Quit Claim Deed, No. 2017 – 00002695, Ex. A.*

18. 2285 St. Andrews Circle is presently the residence of Rabbi Cadaner, his wife and six children.

19. The real property and building located at 2285 St. Andrews Circle is zoned as a "R-1" Single-Family Residential District by Bettendorf, is located on a lot size of 0.87 acres and is surrounded by other residential uses. *See attached Bettendorf "R-1" "Single-Family Residential District", Ex. B.*

20. The "R-1" residential district allows a single family dwelling as a legal use.

21. Rabbi Cadaner conducts a Shabbat Saturday morning service at 10:00 a.m. and a Torah reading discussion at 11:15 a.m. each Saturday at his residence.

22. The Saturday morning gatherings are open to all members of the Jewish faith with Hebrew/English prayers spiced with explanation, songs and bible readings.

23. Rabbi Cadaner sings Jewish melodies and uses a Jewish prayer book to conduct Shabbat prayer services.

24. Rabbi Cadaner wears religious clothing when he conducts a prayer service or has a religious gathering at 2285 St. Andrews Circle Bettendorf, Iowa as well as all other times.

### B. 2017 ACTS TAKEN AGAINST CHABAD AND RABBI CADANER BY DEFENDANTS BETTENDORF, PLOEHN AND SOENKSEN.

25. In January of 2017, Bettendorf received a complaint from a resident located on St. Andrews Circle, regarding Rabbi Cadaner's Jewish religious prayer gatherings at 2285 St. Andrews Circle Bettendorf, Iowa.

26. Ploehn, in his official capacity, acted on the complaint and issued a January 30, 2017 NOTICE OF VIOLATION letter to Rabbi Cadaner stating that the Rabbi could not operate religious services without first obtaining a special use permit from the Board. *See attached January 30, 2017 Decker Ploehn NOTICE OF VIOLATION Letter to Rabbi Cadaner, Ex. C.*

27. Soenksen, in his official capacity, issued a June 27, 2017 Code Enforcement NOTICE OF VIOLATION to Rabbi Cadaner stating that the Rabbi was in violation of city code for the use of his property as a place of worship. *See attached June 24, 2017 Soenksen NOTICE OF VIOLATION to Rabbi Cadaner, Ex. D.*

### Ploehn's and Soenksen's Actions to Deny Rabbi Cadaner His Religious Right of Exercise at 2285 St. Andrews Circle Bettendorf, Iowa.

28. Ploehn took actions officially as a Bettendorf City Administrator, under color of law, to hinder or stop Rabbi Cadaner from exercising his Jewish religion at his residence.

29. Ploehn used his City Administrator authority to orchestrate Bettendorf's NOTICE to Rabbi Cadaner for practicing his religion at his residence.

30. Ploehn sought to stop Rabbi Cadaner through the use of Bettendorf city staff, including Soenksen and the Bettendorf Zoning Department, to issue a government NOTICE threatening the Rabbi from exercising any religious worship service at the residence.

31. On January 30, 2017 Ploehn wrote a letter to Rabbi Cadaner stating that the residence is located in an R-1 zoning district and formal approval by the Zoning Board of Adjustment was required to use the residence for a religious service.

32. Rabbi Cadaner has not been notified by Defendants that he is no longer subject to another NOTICE of violation in the future.

33. As of June 30, 2018 Bettendorf, Ploehn or Soenksen have not notified Rabbi Cadaner by written letter that the NOTICES will no longer be enforced.

34. As of June 30, 2018 Bettendorf has not issued a written letter to Rabbi Cadaner regarding his right to lawfully operate at the site, including prayer services.

35. Rabbi Cadaner is under threat of closure by Bettendorf at any time because of the illegal applications by Soenksen and Ploehn of the Bettendorf Zoning Ordinance and illegal interpretation of the Iowa Constitution and the United States Constitution.

36. Bettendorf's "R-1" Zoning Ordinance authorizes a Catholic convent and a parish home as a matter of right in the "R-1" district.

37. Soenksen and Ploehn are sued in both their individual capacity and in their official capacity for their actions taken to stop Rabbi Cadaner from holding religious services at his home.

**COUNT I – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF CHABAD'S AND RABBI CADANER'S RELIGIOUS AND FREE SPEECH**

**RIGHTS PURSUANT TO THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION.**

1.-37. Plaintiffs reallege and replead paragraphs 1 through 37 of this Petition as paragraphs 1 through 37 of Count I of this Petition.

38. The Free Exercise Clause of the First Amendment to the United States Constitution prohibits the government from outlawing or restricting the exercise of a religious practice.

39. The Free Exercise Clause of the First Amendment to the United States Constitution protects against indirect coercion or penalties on the free exercise of religion, not just outright prohibitions.

40. Rabbi Cadaner conducts the following religious exercises with other members of the Jewish faith at his residence, all of which are compelled by the sincerely held religious beliefs of himself as well as other members of the Jewish faith:

    a) Bible readings and studies,

    b) Preaching, included speech relating to personal morality, God and social issues,

    c) Songs and prayers of the Jewish faith.

41. A government order infringing on the Free Exercise Clause of the First Amendment of the United States Constitution triggers the strictest of scrutiny from the Court.

42. Chabad and Rabbi Cadaner's free exercise of religious rights have been burdened and penalized by Bettendorf's, Soenksen's and Ploehn's acts to prohibit Chabad and Rabbi Cadaner from exercising their religious rights at his residence.

43. Bettendorf, Soenksen and Ploehn expressly discriminated against Chabad and Rabbi Cadaner by the issuance of the NOTICES to intimidate and stop Chabad and Rabbi Cadaner from exercising his freedom of religion at his residence.

44. The NOTICES are an unconstitutional restriction on Chabad and Rabbi Cadaner's religious exercise pursuant to the Free Exercise Clause of the First Amendment of the United States Constitution.

45. Bettendorf , Ploehn's and Soenksen's NOTICES violated the religious rights of Chabad, Rabbi Cadaner and other members of the Jewish faith by denying Chabad, Rabbi Cadaner and his associates their right to exercise religious practices pursuant to the First Amendment of the United States Constitution.

46. The NOTICES infringe upon the right of freedom of assembly by Rabbi Cadaner and members of the Jewish faith.

47. The NOTICES infringe upon the right of freedom of association of Chabad, Rabbi Cadaner and members of the Jewish faith.

48. The NOTICES infringe upon the right of freedom of speech by Chabad and Rabbi Cadaner.

49. Rabbi Cadaner and Chabad have suffered economic injury and public embarrassment as a direct result of the NOTICES and Defendants' attempts to stop them from exercising their religious rights inside of the residence.

50. Rabbi Cadaner and Chabad have incurred monetary damages as a direct result of the NOTICES, including hiring of an attorney to defend their religious rights.

51. Rabbi Cadaner and Chabad were forced to hire an attorney and have incurred reasonable attorney fees to defend his constitutional and statutory religious rights as a direct result of the government NOTICES.

52. Bettendorf is vicariously liable for the acts of Soenksen, acting in his official capacity.

53. Bettendorf is vicariously liable for the acts of Ploehn, acting in his official capacity.

54. Rabbi Cadaner and Chabad are entitled to recover reasonable attorney fees incurred for the violation of their First Amendment Religious Freedom rights and to prosecute this lawsuit. *42 U.S.C. § 1988(b).*

55. Rabbi Cadaner and Chabad are entitled to recover punitive damages from Defendants Soenksen and Ploehn for their intentional and malicious acts taken against them in violation of their fundamental religious rights.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT II – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF RABBI CADANER'S AND CHABAD'S RELIGIOUS RIGHTS PURSUANT TO ARTICLE 1, SECTION 3 OF THE IOWA CONSTITUTION BILL OF RIGHTS.**

1.- 55. Plaintiffs reallege and replead paragraphs 1 through 55 of this Petition as paragraphs 1 through 55 of Count II of this Petition.

56. The Free Exercise Clause of the Iowa Constitution prohibits the government from outlawing or restricting the free exercise of a religious practice. *Iowa Const. art. 1, §3.*

57. Bettendorf's January 30, 2017 and June 24, 2017 NOTICES violated the religious rights of Rabbi Cadaner and Chabad and the religious rights of associates of Rabbi Cadaner and Chabad by denying them their right to exercise their religion, pursuant to *Iowa Const. art. 1, §3.*

58. Ploehn violated the religious rights of Rabbi Cadaner and Chabad by requesting that Bettendorf Planner Soenksen issue the June 24, 2017 NOTICE OF VIOLATION.

59. Soenksen and Ploehn violated the religious rights of Rabbi Cadaner and Chabad by signing and issuing and seeking compliance with the NOTICES OF VIOLATIONS.

60. Each NOTICE was issued in violation of Article 1, Section 3 of the Iowa Constitution Bill of Rights.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT III – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF THE RABBI CADANER AND CHABAD'S RIGHTS PURSUANT TO THE FEDERAL RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT (RLUIPA), 42 U.S.C. § 2000cc – 2000cc(5) et. seq.**

1.- 60. Plaintiffs reallege and replead paragraphs 1 through 60 of this Petition as paragraphs 1 through 60 of Count III of this Petition.

61. The Federal Religious Land Use and Institutionalized Persons Act (RLUIPA) bars Bettendorf from placing restrictions that place a substantial burden on the religious exercise of a person or religious faith unless Bettendorf can show a compelling interest for imposing the restriction.

62. Rabbi Cadaner conducts religious assemblies as defined by RLUIPA, 42 U.S.C. § 2000cc(2)(b)(i).

63. Religious assemblies must be treated at least as well as non-religious assemblies and institutions pursuant to RLUIPA.

64. Bettendorf cannot infringe upon Rabbi Cadaner and Chabad's religious rights under the guise of zoning.

65. For purposes of RLUIPA, Bettendorf constitutes a "government". *42 U.S.C. § 2000cc-5(4)(A)(i),(ii).*

66. Bettendorf is responsible for the acts or omissions of employees Soenksen and Ploehn.

67. Bettendorf violated RLUIPA by infringing upon Rabbi Cadaner and Chabad's free exercise of religious rights.

68. Soenksen and Ploehn violated RLUIPA by infringing upon Rabbi Cadaner and Chabad's free exercise of religious rights.

69. Defendants violated, deprived, and will continue to deprive Rabbi Cadaner and Chabad of their right to the free exercise of religion by imposing land use regulations on their face in a manner that places a substantial burden on the Rabbi Cadaner's religious exercise without a compelling governmental interest. *42 U.S.C. § 2000cc(a)*

70. Defendants violated, deprived, and will continue to deprive Rabbi Cadaner and Chabad of their right to the free exercise of religion by imposing land use regulations and applying them in a manner that places a substantial burden on Rabbi Cadaner and Chabad's religious exercise without a compelling governmental interest. *42 U.S.C. § 2000cc(b)(1).*

71. Defendants violated, deprived, and will continue to deprive Rabbi Cadaner and Chabad of its right to the free exercise of religion by imposing land use regulations on their face and as applied in a manner that treats Chabad and Rabbi Cadaner differently from other similar uses on the basis of religion or their religious denomination. *42 U.S.C. § 2000cc(b)(2).*

72. Bettendorf had no compelling reason to issue the January 30, 2017 and July 24, 2017 prohibition NOTICES OF VIOLATIONS to Rabbi Cadaner.

73. Chabad and Rabbi Cadaner have suffered irreparable injury, economic harm, public ridicule, and public embarrassment to their religious mission and monetary costs and fees as a direct result of the NOTICES OF VIOLATIONS.

74. Defendants have actively attempted to undermine the United States Congress's goals in the passage of RLUIPA by their arbitrary and capricious acts, including the NOTICES OF VIOLATIONS.

75. Rabbi Cadaner and Chabad have incurred compensatory damages as a direct result of the January 30, 2017 and July 24, 2017 NOTICES OF VIOLATIONS.

12

76. Rabbi Cadaner and Chabad were forced to hire an attorney and have incurred substantial attorney fees as a direct result of the NOTICES OF VIOLATIONS.

77. Rabbi Cadaner and Chabad are entitled to recover reasonable attorney fees pursuant to RLUIPA for Defendants' unlawful acts. *42 U.S.C. §1988(b)*.

78. Rabbi Cadaner and Chabad entitled to recover punitive damages from Soenksen and Ploehn for their malicious acts.

79. On or about December 15, 2016 Bettendorf, Soenksen and Ploehn received a letter from the United States Department of Justice (DOJ) explaining their duties pursuant to RLUIPA. *December 15, 2016 DOJ Letter, Ex. E.*

80. Soenksen and Ploehn failed to abide by and comply with the December 15, 2016 DOJ letter regarding their duties pursuant to RLUIPA.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT IV – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF RABBI CADANER AND CHABAD'S RELIGIOUS RIGHTS PURSUANT TO THE FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. § 1983.**

1.- 80. Plaintiffs reallege and replead paragraphs 1 through 80 of this Petition as paragraphs 1 through 80 of Count IV of this Petition.

81. Defendants Bettendorf, Soenksen and Ploehn, acting under color of state statute, have deprived the Plaintiffs of their rights, privileges and immunities granted by the federal civil rights law, *42 U.S.C. § 1983.*

82. Defendant Ploehn, under color of law, used his official government position of City Administrator and City Clerk to unlawfully attempt to suppress religious assemblies of Chabad and Rabbi Cadaner.

83. Defendants Bettendorf, Ploehn and Soenksen under color of law, used state statutes as a pretext to unlawfully issue the NOTICES OF VIOLATIONS to Chabad and Rabbi Cadaner.

84. Soenksen and Ploehn acted with malice and are being sued in both their individual capacities and their official capacities for their acts.

85. Bettendorf, Soenksen and Ploehn sought to deprive Rabbi Cadaner and his associates of their rights, privileges and immunities pursuant to *42 U.S.C. § 1983.*

86. Chabad and Rabbi Cadaner have sustained compensatory damages and have sustained a loss of congregation members, as a direct result of Defendants violating Chabad's, Rabbi Cadaner's and the congregation of their civil rights.

87. Chabad and Rabbi Cadaner are entitled to reasonable attorney fees pursuant to *42 U.S.C. § 1988* as a result of the deprivation of their federal civil rights.

88. Chabad and Rabbi Cadaner are entitled to recover punitive damages from Soenksen and Ploehn for their malicious acts.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT V – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF CHABAD'S AND RABBI CADANER'S EQUAL PROTECTION RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

1.- 88. Plaintiffs reallege and replead paragraphs 1 through 88 of this Petition as paragraphs 1 through 88 of Count V of this Petition.

89. Defendants have deprived and continue to deprive Chabad and Rabbi Cadaner of their right to equal protection of law as secured by the Fourteenth Amendment to the United States Constitution by imposing and implementing land use regulations that discriminate against Chabad and Rabbi Cadaner to an extent incompatible with the United States Constitution.

90. Defendants targeted and singled out Chabad for closure because of its status as a Jewish religion organization.

91. Bettendorf has not targeted and singled out any other church from a mainstream religion to stop them from operating in the past ten years.

92. Bettendorf's zoning ordinance authorizes the use of a Catholic convent and a parochial school in a "R-1" district as a matter of right.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT VI – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF CHABAD'S AND RABBI CADANER'S DUE PROCESS RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

1.- 92. Plaintiffs reallege and replead paragraphs 1 through 92 of this Petition as paragraphs 1 through 92 of Count VI of this Petition.

93. Defendants have deprived and continue to deprive Rabbi Cadaner and Chabad of their right to due process right of law as secured by the Fourteenth Amendment to the United States Constitution by imposing and implementing land use regulations on their face and as applied that discriminate against the Jewish religion to an extent incompatible with the United States Constitution.

94. Defendants have sought to intimidate and harass Rabbi Cadaner without any lawful basis to do so.

95. Bettendorf failed to accord Chabad and Rabbi Cadaner their constitutional due process rights pursuant to the Fourteenth Amendment to the United States Constitution by issuance of the ORDERS.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT VII – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF CHABAD'S AND RABBI CADANER'S RELIGIOUS RIGHTS PURSUANT ARTICLE 1, SECTION 3 OF THE BILL OF RIGHTS TO THE IOWA CONSTITUTION.**

1.- 95. Plaintiffs reallege and replead paragraphs 1 through 95 of this Petition as paragraphs 1 through 95 of Count VII of this Petition.

96. Defendants have deprived and continue to deprive Chabad of their free exercise of religious rights as secured by the Iowa Constitution by imposing and implementing land use regulations on their face and as applied that discriminate against the Jewish religion to an extent incompatible with the Iowa Constitution. *Iowa Const. art. 1, § 3.*

97. Defendants targeted and singled out Rabbi Cadaner because of his affiliation with a Jewish religion organization and violated his religious rights.

98. Bettendorf has never targeted and singled out a religious minister and a church from another religion for closure.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT VIII – BETTENDORF, SOENKSEN AND PLOEHN'S VIOLATIONS OF RABBI CADANER AND CHABAD'S DUE PROCESS RIGHTS PURSUANT TO ARTICLE 1, SECTION 9 OF THE BILL OF RIGHTS TO THE IOWA CONSTITUTION.**

1.- 98. Plaintiffs reallege and replead paragraphs 1 through 98 of this Petition as paragraphs 1 through 98 of Count VIII of this Petition.

99. Defendants have deprived and continue to deprive Chabad and Rabbi Cadaner of their right to due process right of law as secured by imposing and implementing land use regulations

on their face and as applied that discriminate against the Jewish religion to an extent incompatible with the Article 1, §9 of the Iowa Constitution.

100.  Bettendorf sought to require a special use permit for the religious activity of prayer and religious association without any lawful basis to do so.

101.  Bettendorf failed to accord Rabbi Cadaner and Chabad its constitutional due process of law pursuant to the Iowa Constitution. *Iowa Const. art. 1, § 9.*

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT the relief set forth in the Common Prayer for Relief.

**COUNT IX – PRELIMINARY INJUNCTION AGAINST DEFENDANTS FROM
FUTURE ENFORCEMENT OF THE NOTICE OR THREATENING CHABAD
AND RABBI CADANER WITH FUTURE ENFORCEMENT IF THEY FAIL TO
SECURE A SPECIAL USE PERMIT.**

1.- 101. Plaintiffs reallege and replead paragraphs 1 through 101 of this Petition as paragraphs 1 through 101 of Count IX of this Petition.

102.  Chabad and Rabbi Cadener are under a cloud of uncertainty that Defendants will again attempt to enforce a NOTICE OF VIOLATION against them for their religious association, including praying and reading the Bible.

103.  Defendants have not withdrawn or nullified the NOTICES OF VIOLATIONS already issued to Chabad and Rabbi Cadaner.

104.  Any attempt by Plaintiffs to receive a special use permit from the Zoning Board would be futile.

105.  Plaintiffs are presently under a threat of imminent harm from Defendants.

106.  Plaintiffs are entitled to a preliminary injunction against Defendants from any future enforcement of the NOTICES OF VIOLATIONS.

17

107.   The Court should issue a preliminary injunction pursuant to Federal Rule 65 against Defendants and enjoin Defendants from stopping Chabad and Rabbi Cadaner from practicing their religion.

**WHEREFORE,** Plaintiffs respectfully pray that the Court GRANT a preliminary injunction prohibiting Defendants from future enforcement of the NOTICES to Chabad and Rabbi Cadaner during the pending of this lawsuit.

### JURY TRIAL DEMAND.

Plaintiffs demand trial by jury pursuant to Rule 38(b) on all issues so triable.

### COMMON PRAYER FOR RELIEF TO COUNTS I THROUGH IX.

Plaintiffs request the following relief from the Federal Court on Counts I through IX:

a) Enter a preliminary injunction enjoining Bettendorf, Soenksen and Ploehn from interfering with the operation of Chabad and Rabbi Cadaner's religious beliefs.

b) Enter a preliminary injunction enjoining Bettendorf, Soenksen and Ploehn from infringing on Chabad and Rabbi Cadaner's religious right to hold prayer gatherings and Bible readings and prohibiting future Notices or Orders from Bettendorf, Soenksen and Ploehn during the pending of this lawsuit.

c) Declare that Defendants actions have violated RLUIPA;

d) Require Defendants, their employees, officials and all other persons in concert with them take actions necessary to restore and maintain, as nearly as practicable, to Rabbi Cadaner, Chabad and its members the right to conduct religious prayer and services.

e) Enter an Order finding Bettendorf, Soenksen and Ploehn violated Rabbi Cadaner and Chabad's Free Exercise Clause rights pursuant to the First Amendment to the United States Constitution;

18

f) Enter an Order finding Bettendorf, Soenksen and Ploehn violated Rabbi Cadaner and Chabad's Free Exercise Clause rights pursuant to Article I, Section 3 of the Iowa Constitution;

g) Enter an Order finding Bettendorf, Soenksen and Ploehn unlawfully issued the NOTICES OF VIOLATIONS in contravention to Article 1, Section 3 of the Iowa Constitution;

h) Enter an Order finding Bettendorf, Soenksen and Ploehn unlawfully issued the NOTICES OF VIOLATIONS in contravention to the Free Exercise Clause pursuant to the First Amendment of the United States Constitution and in violation of Chabad and Rabbi Cadaner's Due Process rights pursuant to the Fourteenth Amendment to the United States Constitution.

i) Enter an Order finding Bettendorf, Soenksen and Ploehn unlawfully issued the NOTICES OF VIOLATIONS in contravention to Chabad and Rabbi Cadaner's Equal Protection Rights pursuant to the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 and Section 9 of the Iowa Constitution.

j) Award monetary damages to Chabad and Rabbi Cadaner.

k) Award Rabbi Cadaner and Chabad costs and reasonable attorney fees pursuant to the First Amendment to the United States Constitution, 42 U.S.C. § 1988 and RLUIPA.

l) Award Rabbi Cadaner and Chabad punitive damages individually against Defendants Soenksen and Ploehn.

m) Award Rabbi Cadaner and Chabad pre and post-judgment interest costs and expenses;

n) Grant other such additional relief which is just, proper and equitable in this case.

*/s/ Michael J. Meloy*
Michael J. Meloy AT0005306
2535 Tech Drive, Suite 206
Bettendorf, IA 52722
(563) 359-3959
(563) 359-3953 - fax
mike@meloylaw.com

ATTORNEY FOR PLAINTIFFS CHABAD LUBAVITCH
OF THE QUAD CITIES AND RABBI SCHNEUR CADANER